### Thomas D. Johnson *v.* Mathew Martin.

The deposit of a letter in one's box at the post-office is not a delivery of the letter to such person: and where a clerk, who had been discharged by defendant for dishonesty, obtained a letter containing money out of defendant's box at the post-office, which money hekept, defendant held not liable to the party remitting the money.

An agent may properly be held responsible for a neglect to provide against the risks or perils to which property entrusted to his care may, in the ordinary course of business, be exposed, but he cannot be held liable for not anticipating a danger altogether out of the ordinary course of business or natural events.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Bonford*, for plaintiff and appellant. *H. & J. A. Gaither*, for defendant.

LEA, J. In this case the plaintiff seeks to make the defendant responsible for the loss of certain bank notes sent by mail, and addressed to the defendant, which were taken from the post-office by a third person, (one *Brownjohn*,) who had previously been in the employ of the defendant, but who had been discharged, as the petition alleges, for cause of dishonesty.

It is urged that the amounts remitted were delivered to the defendant by their deposit in his box in the post-office; and further, that the defendant was guilty of gross and culpable neglect in not giving notice to the post-master that he had discharged his clerk, and in not instructing him not to deliver his letters to said *Brownjohn.*

JOHNSON
v.
MARTIN.

The arrangement by which letters are deposited in boxes specially set apart for particular individuals, is one which has been adopted for the convenience of their delivery, but the letters so deposited are under the exclusive control of the officers in the post-office, and are not delivered until they are handed to the person for whom they were intended, or his agents. There was, therefore, no delivery of the remittances to the defendant.

The next question to be determined is whether the defendant has been guilty of neglect.

An agent may properly be held responsible for a neglect to provide against the risks or perils to which property entrusted to his care may, in the ordinary course of business, be exposed, but he cannot be held liable for not anticipating a danger altogether out of the ordinary course of business or of natural events.

The plaintiff undertook to send a certain sum of money to the defendant: until it is received the latter cannot be held accountable for it. At the time the robbery took place, it was no more under the defendant's control than that of the plaintiff, and though we are not prepared to say, that under the peculiar circumstances of this case, as disclosed by the evidence, the plaintiff himself was guilty of neglect, yet nothing in the record justifies the assumption that the defendant was bound to protect the plaintiff against acts of fraud or violence which might be perpetrated upon the post-office by one who was not in his employ or under his control. We think the plaintiff is not entitled to claim from the defendant a reimbursement of the money of which he has been robbed by a third person, the act by which the loss was occasioned not being one which, under the circumstances, the defendant could reasonably have anticipated.

Judgment affirmed, with costs.